**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES BROWN,**

                          **Plaintiff,**

               **v.**                                      **5:11-CV-668**
                                                        **(FJS/ATB)**

**CITY OF SYRACUSE; SYRACUSE**
**POLICE DEPARTMENT; OFFICER**
**JASON WELLS, in his individual and**
**official capacity; and OFFICER PATRICIA**
**SARGENT, in her individual and official**
**capacity,**

                          **Defendants.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **FINOCCHIO & ENGLISH**<br>430 East Genesee Street<br>Suite 600<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **VINCENT J. FINOCCHIO, JR., ESQ.**<br>**TRICIA M. DORN, ESQ.** |
| **CITY OF SYRACUSE**<br>**CORPORATION COUNSEL**<br>233 East Washington Street<br>Room 301 City Hall<br>Syracuse, New York 13202<br>Attorneys for Defendants | **AIMEE M. PAQUETTE, ESQ.**<br>**CATHERINE ENA CARNRIKE, ESQ.**<br>**JAMES P. MCGINTY, ESQ.** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Currently before the Court is Defendants' motion to disqualify Vincent J. Finocchio, Jr., Esq., Tricia M. Dorn, Esq. and their law firm, Finocchio & English, from representing Plaintiff due to an alleged conflict of interest. *See* Dkt. No. 43.

**II. BACKGROUND**

**A.   Factual history**

On June 14, 2011, Plaintiff commenced the instant civil action under 42 U.S.C. § 1983 against the City of Syracuse ("Defendant City"), the Syracuse Police Department ("SPD"), and Officers Patricia Sargent and Jason Wells. *See* Dkt. No. 1.[1] Plaintiff contends that Officers Sargent and Wells (1) used excessive force and committed assault and battery, *see id.* at ¶¶ 11-15; (2) falsely arrested and imprisoned him, *see id.* at ¶¶ 18-19; and (3) acted pursuant to Defendant City's policy when arresting him and using excessive force, *see id.* at ¶¶ 22-24, all in violation of the Fourth Amendment to the United States Constitution.

On August 29, 2012, Defendants filed a motion for summary judgment. *See* Dkt. No. 19. In a Memorandum-Decision and Order dated March 28, 2013, the Court (1) dismissed the SPD as a defendant in this case; (2) granted the motion for summary judgment with respect to Plaintiff's excessive force claim against Officer Wells and his *Monell* claim against Defendant City; and (3) denied the motion in all other respects. *See* Dkt. No. 30. A jury trial is set to commence on June 25, 2013.

---

[1] To avoid confusion, the Court's citations to specific page numbers reference the page numbers that the Court's electronic filing system automatically generates.

**B. Alleged conflict**

On April 23, 2013, Defendants allegedly learned that Finocchio & English, the law firm representing Plaintiff, employs Rory Gilhooley, Esq. ("Gilhooley"). *See* Dkt. No. 43 at 2. Gilhooley maintains a general practice of law, focusing on family law, matrimonial law, and appeals. *See id.* Gilhooley, however, also currently works for the SPD. *See id.* He has been a police officer since 1994 and a detective in the Criminal Investigations Division since 2003. Upon learning of Gilhooley's dual employment, defense counsel telephoned Plaintiff's attorney at Finocchio & English and sent two letters regarding a purported conflict of interest. *See id.* at 2; *see also* Dkt. No. 34-1 at 1-2.

On May 2, 2013, Plaintiff's attorney responded to defense counsel's letters, explaining that Gilhooley "works, very part-time, on selective projects[,]" and that "[h]e has had no contact on [Plaintiff's] case whatsoever." *See id.* at 3. Plaintiff's attorney also accused Defendants of "grasping at straws" and confirmed that Finocchio & English would not withdraw from this matter. *See id.*

On May 7, 2003, Defendants advised the Court of the alleged conflict of interest that Gilhooley's dual employment presented. *See* Dkt. No. 34. Defendants requested that the Court examine the alleged conflict of interest and determine whether Finocchio & English should continue as Plaintiff's counsel of record. *See id.*

On May 23, 2013, the Court held a conflict-of-interest hearing. Defendants argued, in sum, that the Court should disqualify Finocchio & English from representing Plaintiff because Gilhooley's dual employment has created a conflict of interest that is imputed to said law firm. Plaintiff responded that Gilhooley's dual employment does not create a conflict of interest because, among other things, (1) Gilhooley started working at Finocchio & English on a part-

time basis approximately eighteen months after this case commenced; (2) Gilhooley has neither worked on Plaintiff's case nor represented Plaintiff; and (3) Finocchio & English has not consulted with or received any information from Gilhooley regarding Plaintiff or the parties in this case.

### III. DISCUSSION

**A.     Gilhooley's alleged conflict of interest**

Courts in this circuit strongly disfavor disqualification "because it 'impinges on parties' rights to employ the counsel of their choice.'" *My First Shade v. Baby Blanket Suncare*, No. 08-CV-4599, 2012 U.S. Dist. LEXIS 19881, *11 (E.D.N.Y. Feb. 16, 2012) (quotation omitted). Disqualification motions, according to the Second Circuit, are "'often interposed for tactical reasons,' and that 'even when made in the best faith, such motions inevitably cause delay[;]'" therefore, a party seeking disqualification must meet a "high standard of proof" in order to succeed. *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791-92 (2d Cir. 1983).

Nevertheless, federal courts possess sound discretion to disqualify an attorney or law firm. *See Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (stating that federal courts' authority "to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process'" (quotation omitted)). Disqualification, however, "'is only appropriate where allowing the representation to continue would pose "a significant risk of trial taint."'" *My First Shades*, 2012 U.S. Dist. LEXIS 19881, at *12 (quotation omitted).

Additionally, the grounds for disqualification are twofold: (1) concurrent representation and (2) successive representation. *See Hempstead Video*, 409 F.3d at 133. Regarding concurrent

representation, it is "'prima facie improper' for an attorney to simultaneously represent a client and another party with interests directly adverse to that client." *Id.* (quotation omitted). At a minimum, the attorney must show "'that there will be no actual or *apparent* conflict in loyalties or diminution in the vigor of his representation.'" *Id.* (quotation omitted). Regarding successive representation, disqualification is warranted where

> (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.

*Id.* (internal quotations omitted).

Furthermore, in ruling on disqualification issues, courts may look to New York State disciplinary rules[2] and the American Bar Association's Code of Professional Responsibility and Model Rules of Professional Conduct for guidance.[3] *See Hempstead Video*, 409 F.3d at 132.

---

[2] Defendants' motion is premised on Rule 1.7 of the New York Rules of Professional Conduct, which states that

> [a] lawyer shall not represent a client if a reasonable lawyer would conclude that either: (1) the representation will involve the lawyer in representing differing interests; or (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.

N.Y. Rules of Prof'l Conduct 1.7(a) (2009).

[3] Under Rule 83.4(j) of the Local Rules of the Northern District of New York, "[t]he Court shall enforce the New York Rules of Professional Conduct, in construing which the Court as a matter of comity will follow decisions of the New York State Court of Appeals and other New York state courts absent an over-arching federal interest and as interpreted and applied by the United States Court of Appeals for the Second Circuit." N.D.N.Y. L.R. 83.4(j).

However, "such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification[.]" *Id.* (citation omitted).

In this case, Defendants have not satisfied the "high standard of proof" that Gilhooley's dual employment constitutes a conflict of interest. First and foremost, Defendants have not overcome the undisputed fact that Gilhooley neither represents Plaintiff in this action nor has he represented Plaintiff in any other matter.[4] *See Evans*, 715 F.2d at 791 (requiring, in part, the moving party to be a former client of the adverse party's counsel). Since no concurrent or successive representation exists, there is no legal basis to conjure a conflict of interest for disqualification. Additionally, Defendants have offered no evidence to suggest that Gilhooley has obtained confidential and privileged information about Plaintiff while working at the SPD or with Finocchio & English. It is, therefore, unclear how Gilhooley's dual employment could taint the trial or disadvantage the parties' interests. *See Daudier v. E&S Med. Staffing, Inc.*, No. 12 Civ. 206, 2012 U.S. Dist. LEXIS 120870, *4 (S.D.N.Y. Aug. 23, 2012) (stating, "[d]isqualification 'is only appropriate where allowing the representation to continue would pose "a significant risk of trial taint"'" (quotation omitted)); *Universal City Studios, Inc. v. Reimerdes*, 98 F. Supp. 2d 449, 455 (S.D.N.Y. 2000) (denying motion to disqualify when plaintiff made no effort to show that the law firm's conflict would adversely affect its interests).

Accordingly, the Court finds, in its discretion, that Gilhooley's dual employment does not create a conflict of interest.

---

[4] This case presents a unique set of facts in that Gilhooley appears to stand on both sides of litigation because of his dual employment with SPD as a detective and with Finocchio & English as a part-time attorney. Thus, the case law on which Defendants rely to support disqualification is not directly on point because, in those cases, the challenged attorneys had direct or indirect attorney-client relationship. *See generally* Dkt. No. 43.

**B.      Imputing Gilhooley's assumed conflict to Finocchio & English**

"An attorney's conflicts are ordinarily imputed to his firm based on the presumption that 'associated' attorneys share client confidences." *Hempstead Video*, 409 F.3d at 133; *see also* N.Y. Rule of Prof'l Conduct 1.10(a) (providing that, "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7, 1.8 or 1.9, except as otherwise provided therein").  This presumption is stronger within a small law firm than a large firm. *See Hempstead Video*, 409 F.3d at 133.  Nevertheless, the presumption of shared client confidences is rebuttable where the law firm in question has implemented effective screening measures to prevent a disqualified attorney from disseminating client confidences. *See Cheng v. GAF Corp.*, 631 F.2d 1052, 1058 (2d Cir. 1980).

Here, even assuming that Gilhooley would be conflicted from representing Plaintiff, the Court declines to impute his conflict of interest to Finocchio & English.  Defendants primarily rely on Finocchio & English's small size to persuade the Court to impute Gilhooley's conflict of interest to the firm.  Specifically, Defendants argue that, as a four-attorney law firm, a high probability exists that the attorneys at Finocchio & English have exchanged Plaintiff's confidences and that the firm has not implemented an effective "Chinese Wall" around Gilhooley.  *See* Dkt. No. 43 at 7.  Although there is a presumption of shared confidences, especially in small law firms like Finocchio & English, Plaintiff has rebutted this presumption.  First, Finocchio & English affirms that Gilhooley "has NEVER worked on [Plaintiff's] case nor has this matter ever been fully disclosed to Mr. Gilhooley"; and the Court finds no reason to doubt the sincerity and truth of this affirmation. *See* Dkt. No. 44 at 1; *see also Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, No. 01 CV 1574, 2006 U.S. Dist. LEXIS 48765, *24 (E.D.N.Y. July 18,

2006) (stating that courts have frequently denied motions to disqualify counsel based on sworn testimony providing that no confidential or privileged information has been shared (citation omitted)).

Additionally, Defendants neglect to set forth specific examples of confidential and privileged information that Gilhooley may possess about Plaintiff, let alone cite to examples of Gilhooley divulging such information to associated attorneys at Finocchio & English. *See Stratton v. Wallace*, No. 11-CV-0074A, 2012 U.S. Dist. LEXIS 108444, *11 (W.D.N.Y. July 31, 2012) (stating that "'[t]he touchstones of the imputation inquiry are the significance of the prohibited lawyer's involvement in and knowledge of the former client's confidences or secrets'" (quotation omitted)). Defendants compound this failure by not presenting evidence that Finocchio & English neglected to implement an effective "Chinese Wall" around Gilhooley either when he began working at the firm or when the firm received actual notice of the alleged conflict. *See Arista Records LLC v. Lime Group LLC*, No. 06 CV 5936, 2011 U.S. Dist. LEXIS 17434, *20 (S.D.N.Y. Feb. 18, 2011) (finding "no real risk that the trial will be tainted" because "'there [we]re no facts from which it may be inferred' that [the law firm] . . . obtained confidential information'" (quotation and other citation omitted)). In addition, Defendants fail to rebut the fact that Gilhooley works mostly from home on a part-time basis and does not have physical access to Plaintiff's case files. *See* Dkt. No. 44 at 1-2. In sum, Defendants have simply offered nothing more than conclusory statements and speculation to impute disqualification to Finocchio & English. *See Sea Tow Int'l, Inc. v. Pontin*, No. CV-06-3461, 2007 U.S. Dist. LEXIS 85527, *20 (E.D.N.Y. Nov. 19, 2007) (stating, "conclusory assertions amount to nothing more than sheer speculation as to the existence of a conflict of interest. If anything, such assertions merely bolster the argument that this motion is being made solely to achieve a strategic

advantage in this litigation. As such, they fail to provide a basis for [counsel's] disqualification" (citations omitted)); *Cadle Co. v. Damadeo*, 256 F. Supp. 2d 155, 157 (E.D.N.Y. 2003) (denying motion to disqualify where movant provided "only conclusory allegations" as evidence of conflict of interest).

Accordingly, the Court declines to impute Gilhooley's alleged and assumed conflict of interest to Finocchio & English.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and oral arguments, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to disqualify Vincent J. Finocchio, Jr., Esq., Tricia M. Dorn, Esq., and Finocchio & English from representing Plaintiff is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 4, 2013
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge